991 F.2d 790
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michelle MacDONALD, Plaintiff-Appellant,
v.
TOWN OF LEESBURG; Christopher L. Jones; John Does; James
Kidwell, Defendants-Appellees,
and
John D. CARNEAL, Defendant.
 No. 92-1334.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 2, 1993
Decided: April 7, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-951-A)
 Argued: Spencer Dean Ault, Ault & Stein, Leesburg, Virginia, for Appellant.
 Jack L. Gould, Fairfax, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 At the close of plaintiff-appellant Michelle MacDonald's case-inchief, the United States District Court for the Eastern District of Virginia granted appellees' motion for a directed verdict. In so doing, the district court found that the search of appellant's apartment which gave rise to her complaint had been conducted pursuant to a valid search warrant and in a reasonable manner given the circumstances then existing. Further, the district court ruled, inter alia, that appellee Sergeant Christopher L. Jones was entitled to qualified immunity, that Police Chief James Kidwell ("Kidwell") had not instituted or condoned any policy or practice which violated appellant's civil rights and that there was no basis for liability as to appellee Town of Leesburg. There being no error in the district court's determinations, we affirm.
 
 I.
 
 2
 On Sunday, August 27, 1990, appellee Sergeant Christopher L. Jones ("Jones") obtained a search warrant to search appellant's apartment for drugs and drug paraphernalia. Jones took this action after appellant's ex-roommate, Victoria Senegal ("Senegal"), disclosed to one of Jones' officers that there were narcotics in the apartment. Senegal informed Jones that the drugs were present because appellant's boyfriend, Michael Wright ("Wright"), made frequent weekend visits to appellant's apartment in Leesburg, Virginia bringing marijuana. Further, Senegal described with particularity the use of marijuana in the apartment and the specific places in the apartment where the marijuana and drug paraphernalia were kept. Senegal also gave Jones a description of Wright's vehicle. (J.A. 108-14).
 
 
 3
 At trial, Jones testified that he found Senegal to be a reliable informant because of her overall demeanor, her extremely uncommon willingness to be identified in the search warrant affidavit, her willingness to be a witness and testify in the matter and her specific knowledge of the types and locations of the drugs and drug paraphernalia allegedly present in appellant's apartment. (J.A. 127-33).
 
 
 4
 In the late evening on August 27, 1990, Jones found Wright's vehicle to be parked at appellant's apartment. Through Senegal, Jones was aware that Wright generally remained in Leesburg only through the weekends and that he was likely to leave Leesburg at any time. Thus, in the early morning hours of Monday, August 28th, Jones led the Special Operations Team of the Leesburg Police Department on a search of appellant's apartment pursuant to a valid search warrant. The police officers knocked on appellant's door anywhere from fifteen seconds to one minute (the exact time is in dispute) and announced their presence. When no one answered the door, the police entered appellant's apartment by knocking the door down. Wright was not present in the apartment and the police found no contraband.
 
 
 5
 As a result of the search, there was little property damage to appellant's apartment. However, because of the police officers' actions in executing the search warrant, appellant alleged that she was extremely traumatized. This trauma, according to appellant, caused her psychological harm, mental distress, humiliation, embarrassment, fear, defamation of her character and reputation, prevented her from attending to her usual duties and forced her to move from the state.
 
 
 6
 On July 12, 1991, appellant filed suit in the United States District Court for the Eastern District of Virginia. Appellant's claim, brought pursuant to 42 U.S.C. § 1983 (1988), was based on appellant's allegation that appellees had violated her civil rights under color of state law by conducting or condoning an illegal search of her apartment thereby depriving her of the rights, privileges, and immunities secured by the Constitution, depriving her of her personal liberty, invading her privacy, and violating her civil rights. (J.A. 5-7).
 
 
 7
 On February 18, 1992, the district court empaneled a jury and appellant began presentation of her evidence. Appellees also presented some evidence during appellant's case. Upon the appellant resting, appellees moved for a directed verdict. After argument, Judge Hilton granted appellees' motion for a directed verdict and dismissed the jury. (J.A. 150-51).
 
 
 8
 In his oral opinion, Judge Hilton ruled that the search of appellant's apartment was reasonable under the circumstances then existing. As to Jones, the court found that he had acted with objective reasonableness under the circumstances present on the night of the search and was therefore entitled to qualified immunity. As to Kidwell, Judge Hilton found that appellant had presented no evidence of a policy or practice instituted by Kidwell that violated appellant's constitutional rights, or evidence that Kidwell condoned any such policies or practices. Additionally, Judge Hilton found that appellant had presented no evidence of supervisory indifference on Kidwell's part, ruled that Kidwell could not be found liable under the theory of respondeat superior, and that he was also entitled to qualified immunity. Finally, as to appellee Town of Leesburg, the district court found that appellant failed to present any evidence as to any policy or practice conducted by the town that would in any way make the town liable under § 1983 or any evidence that the town condoned any such policy or practice. (J.A. 146-50).
 
 II.
 
 9
 As stated above, in granting appellees' motion for a directed verdict, the district court ruled that the search of appellant's apartment was reasonable. (J.A. 149-50). In so doing, the court found that the police had conducted the search in a manner that was in accordance with the safety of the persons whose premises were being searched, the safety of the officers involved in the search, and also to prohibit the destruction of narcotics. Id. Further, the court found that it was reasonable for appellees to have relied upon the informant, Senegal, in obtaining and serving the search warrant on appellant's apartment because of Senegal's prior close relationship to the appellant, because of her overall demeanor, because of the depth and particularity of the information she gave to appellees, because of her willingness to allow her name to be used in the search warrant affidavit and because of her willingness to testify in the matter. (J.A. 149). Finally, the court found that it was reasonable for appellees to believe there was some urgency in serving the warrant because of the specific information given to them by Senegal that Wright could be leaving the premises at any time. (J.A. 150).
 
 
 10
 The primary element of appellant's argument is that at the close of her evidence there existed a clear jury question as to whether the execution of the search warrant on appellant's apartment was reasonable. This is so, according to appellant, because the evidence indicated there were no exigent circumstances present in this situation which justified execution of a search warrant on her apartment at night. Further, appellant maintains that the police did not properly announce their presence prior to entering her apartment.
 
 
 11
 The Court will first address the issue of whether the district court was correct in determining that Sergeant Jones was entitled to qualified immunity. The defense of qualified immunity generally protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity thus affords a defendant government official broader protection than does the merits defense that no constitutional violation occurred." Gooden v. Howard County, 917 F.2d 1355, 1360-61 (4th Cir. 1990). "The qualified immunity test thus necessitates three discrete determinations: the identification of the specific right allegedly violated, the determination of whether that right was so clearly established as to alert a reasonable officer to its constitutional parameters, and the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue." Id. at 1361 (quoting Collinson v. Gott, 895 F.2d 994, 998 (4th Cir. 1990) (Phillips, J., concurring)).
 
 
 12
 In the instant case, the first two prongs of the qualified immunity test are not in issue. Thus, the central inquiry of the case involves the ultimate question of whether Jones and his officers acted reasonably in searching appellant's apartment. We must determine, therefore, whether appellant's evidence raised "genuine issues of material fact respecting [Jones'] conduct which require[d] resolution before its objective reasonableness [could] be assessed." Id. (quoting Turner v. Dammon, 848 F.2d 440, 445-47 (4th Cir. 1988)).
 
 
 13
 After a review of the evidence presented by appellant at trial, it is clear that she presented no evidence which indicates that Jones violated the objective reasonableness prong of the qualified immunity test. Jones reasonably relied upon the assertions of his informant, Senegal, a former roommate of appellant. Clearly, such reliance was justified when viewed in light of Senegal's previous relationship to appellant, her overall demeanor, the depth and particularity of the information she gave to appellees, her willingness to allow her name to be used in the search warrant affidavit and her willingness to testify in the matter. Additionally, it was reasonable for Jones to believe that nighttime execution of the search warrant was justified given the information accorded him by Senegal that Wright could be leaving the premises at any time. Accordingly, as to Jones, we hold that the district court's determination that Jones was entitled to qualified immunity was correct.
 
 
 14
 Now we will address the issue of whether appellant presented evidence sufficient to create a genuine issue of material fact regarding the liability of appellees Kidwell and Town of Leesburg. Simply put, appellant's evidence failed to do so. The district court ruled that appellant's evidence did not show that Kidwell either instituted or condoned any policy or practice that violated appellant's constitutional rights. (J.A. 147). Based on appellant's evidence, we hold that the district court could not have ruled otherwise.
 
 
 15
 Kidwell testified that his policy with regard to searches was that his officers were to follow Virginia state law. (J.A. 83). With regard to the issue of nighttime searches, he stated that these searches allow his officers the greatest element of surprise and are safer for the subject and the officers, especially in cases involving narcotics, but that every case had to be individually evaluated as to whether a nighttime search is appropriate. Id.
 
 
 16
 As the district court found, given the circumstances known to Jones and his officers on the night they executed the search warrant on appellant's apartment, the actions of Jones and his officers in the early morning hours of August 28, 1990 were reasonable under the circumstances and did not violate Virginia state law. Thus, because Kidwell's admitted policy of requiring his officers to follow state law did not result in a constitutional violation, no basis for liability exists as to appellee Kidwell under § 1983. Furthermore, because no unconstitutional policy was at work in this case, there is also no basis for liability as to appellee Town of Leesburg. Therefore, as to appellees Kidwell and Town of Leesburg, we hold that the district court's determinations were correct.
 
 
 17
 Therefore, for the reasons stated herein, the rulings and judgment of the district court are hereby
 
 
 18
 AFFIRMED.